SAMUEL, Judge.
Plaintiff, Charles P. Bilquist, filed this suit against Kaiser Aluminum & Chemical Corporation and Robert Stockstill to recover damages sustained by him as a result of an electrical shock. At the time of the incident of which plaintiff complains he was employed by Kraft Corporation, which was performing work for Kaiser Aluminum at its plant in Gramercy, Louisiana. Defendant Stockstill was Kraft’s general superintendent and plaintiff sued him as an executive officer since the incident occurred prior to the 1976 amendment to R.S. 23:1032 which generally prohibited such actions.
Defendants answered, denying liability. After a trial on the merits, judgment was rendered in favor of both defendants dismissing plaintiff’s suit. Plaintiff has appealed.
On March 11, 1976 plaintiff was working for Kraft Corporation as a pipefitter at Kaiser’s Gramercy plant. At the time of his injury he was assigned to the “brine treatment area” at the plant. At Stocks-till’s request other members of plaintiff’s pipefitting gang had set up an electrical welding machine in the brine treatment area. This machine was plugged into a 277 volt outlet in a Kaiser electrical receptacle located in that area.
The welding machine did not function properly, and when this fact was reported to plaintiff,[1] he investigated in an attempt to ascertain the malfunction in the machine.
*819 At the time of the accident, the brine treatment area was covered with a white substance formed by the salt solution, and testimony was introduced to indicate that this salty substance was a good conductor of electricity. Plaintiff contends defendants were guilty of negligence by failing to warn him of this condition. Plaintiff also contends, among other things, that his supervisor was guilty of negligence by not furnishing him with rubber boots to insulate him from shock, and that the defendants were guilty for failing to provide safety instructions of an adequate nature to warn employees of the dangers inherent in the area.
Defendants, on the other hand, argue that plaintiff was aware that something was wrong with the electrical welder, that he also knew it was dangerous to handle energized electrical equipment in an area of moisture, and that he easily could have avoided the shock by simply manipulating an on-off switch which Kaiser had installed in the electrical receptacle so that it could be de-energized while being handled.[2]
The trial judge held for defendants on the basis of plaintiff’s contributory negligence. On plaintiff’s motion for a new trial, the judge summarized his findings as follows:
“He knew there was something wrong. He knew he was dealing with a dangerous substance, electricity. And there was the switch right in front of his eyes. All he had to do was put it off.”
We agree with the factual findings of the trial judge. Plaintiff attempted to “jiggle” the electrical plug in an effort to ascertain whether malfunction was occurring in the welding machine or in the plug itself. He was aware that an electrical problem of some nature had occurred. Plaintiff also admitted he was aware of dangers inherent in dealing with electricity. The box into which the machine had been plugged was provided with a safety switch so that it could have been deactivated prior to plaintiff’s handling the plug. He ignored this safety precaution, but instead grasped the plug, came into contact with an uninsulated portion of the cord, and was shocked. All plaintiff had to do to determine whether the plug was defective, and would operate if placed in a different position, was to switch the electrical receptacle to the “off” position, manipulate the plug, and then re-energize the receptacle by flipping a switch.
We conclude, as did the trial judge, that plaintiff’s injuries resulted directly from his own negligence in failing to exercise reasonable precautions for his own safety. We consequently need not explore the various theories set forth by plaintiff to establish negligence on the part of the defendants.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Plaintiff had been the first pipefitter hired from the union hall by defendant Stockstill, and under union rules he received foreman’s pay and had the duties of relaying orders from the *819 general superintendent to the other members of his pipefitting gang.

. There is conflict regarding the nature of the shock. Plaintiff contends he was grounded by standing in the wet brine solution and the electrical current passed through his entire body. As the only brine on plaintiffs body was located on his hand, defendants contend that his standing in the brine solution is immaterial because electrical current only passed from his hand into the metal plug which itself was grounded by being plugged into the Kaiser electrical receptacle. In view of our holding it is not necessary to make a finding on this question.